**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Yevgenity MIKHAYLOV, Defendant— Appellant.**

**No. 06–30253.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 4, 2006.

---

* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Hatfield, U.S. Courthouse, Hannah Horsley, Esq., U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Todd H. Grover, Law Office of Todd H. Grover, Bend, OR, for Defendant–Appellant.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

## MEMORANDUM *

Yevgenity Mikhaylov was convicted of four counts of mail fraud and one count of conspiracy to commit mail fraud. He now appeals, assigning error to the the district court's denial of his motion for acquittal. We affirm.

### I.

A jury verdict will not be reversed if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because Mikhaylov moved for acquittal at the close of the government's case-in-chief and chose not to introduce evidence thereafter, we consider only evidence that was before the jury at the time the motion was made. *United States v. Polizzi,* 500 F.2d 856, 904 (9th Cir.1974).

### II.

"[I]n order to sustain a conviction under the federal mail fraud statutes . . . it

Stephen F. Peifer, Esq., Amy E. Potter, Esq., Office of the U.S. Attorney, Mark O.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

is necessary to show willful participation in a scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved." *United States v. Price*, 623 F.2d 587, 591 (9th Cir.1980), overruled on other grounds by *United States v. De Bright*, 730 F.2d 1255 (9th Cir.1984).

The government introduced sufficient evidence to sustain the conviction on the four counts of mail fraud. Mikhaylov was charged in connection with the title-washing and sale of four vehicles. The evidence indicates that he solicited his friends to submit false title applications to the Oregon department of motor vehicles, and then took possession of the two title certificates his friends received. Those title certificates were eventually used to sell two stolen vehicles. The evidence further shows that Mikhaylov sold two other vehicles, one stolen and one salvaged, that were disguised by fraudulently obtained Oregon title certificates. There also was evidence that Mikhaylov and his co-defendant Anatoliy Dumitrash worked on stolen cars, the titles of which had been washed. The totality of evidence was sufficient for a jury to find beyond a reasonable doubt that Mikhaylov knowingly participated in a fraudulent title-washing scheme involving all four vehicles.

Citing *Price*, 623 F.2d 587, Mikhaylov argues that mere dishonest behavior is not enough to establish an intent to defraud. In his view, the government failed to prove that he knew the vehicles had been salvaged or stolen. But *Price* is readily distinguishable. There, the defendant falsely told customers that their popcorn machine orders were delayed due to weather conditions, even though the defendant's employer did not intend to fulfill those orders. *Id.* at 591–92. The court held that the statements were insufficient to establish the employee's knowledge of the compa-

ny's fraudulent plans, because she worked at the company for only three months, performed mainly administrative duties, was not sophisticated in business matters, knew little about the affairs of the company, and did not have a higher education. *Id.* Mikhaylov, however, is a skilled automobile mechanic who is intimately familiar with the used car business. Moreover, Mikhaylov played a direct role in title-washing. Mikhaylov's instrumental role in arranging for fraudulent title applications to be sent to the department of motor vehicles is a more suspicious context for dishonesty than delivery problems at a popcorn machine company. A mail fraud conviction may be sustained by the defendant's "awareness of a high probability of fraud, coupled with shutting one's eyes to avoid learning the truth." *Id.* at 592.

## III.

■ "To prove a conspiracy under 18 U.S.C. § 371, the government must establish (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir.2004) (citation and internal quotation marks omitted).

Mikhaylov submits that the evidence was insufficient to establish an agreement between him and his co-defendants. We disagree. Each of the four vehicles with which he was involved was registered to Astra Enterprises or S & P Auto Sales, businesses that the government showed to have been collaborating to wash vehicle titles. Given Mikhaylov's role in obtaining title certificates and selling stolen vehicles, the jury could reasonably infer an agreement to commit fraud between Mikhaylov and the principals of Astra and S & P. Moreover, there was evidence that Mikhaylov and Dumitrash worked together on

stolen vehicles and shared sales proceeds. There was sufficient evidence to sustain the conspiracy conviction.

AFFIRMED.